## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RALPH KOOGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22 CV 17 MTS |
| | ) | |
| DAVID VANDERGRIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On April 13, 2022, the Court ordered plaintiff Ralph Koogler to file an amended complaint within thirty days. Doc. [4]. Plaintiff was advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. More than thirty days have elapsed and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983 on January 5, 2022. Doc. [1]. At the time of the filing, plaintiff was an inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, though it appears that he has since been released from custody. In the complaint, plaintiff named a total of forty-five separate defendants, who were all sued in their individual and official capacities. The allegations in the complaint contained numerous unconnected claims encompassing the grievance procedure, excessive force, loss of property, sexual harassment, denial of meals, and deliberate indifference to his medical needs.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis, which was granted. Doc. [2]. Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was subject to dismissal. Rather than dismissing outright, however, plaintiff was given an opportunity to file an amended complaint. The Court directed the Clerk of Court to send plaintiff a copy of the Court's civil rights complaint form. He was also given instructions on how to properly amend. The Court gave him thirty days in which to comply, and advised that a failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

As set forth above, the Court ordered plaintiff to file an amended complaint on April 13, 2022. He was given thirty days to respond, and warned that a failure to submit an amended complaint would result in the dismissal of this action. The amended complaint was due on or before May 13, 2022. The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to comply. Despite being given additional time, plaintiff has not filed an amended complaint, nor sought an extension of time in which to do so.

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district

court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's April 13, 2022 order to submit an amended complaint, and because he has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of April 13, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of June, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE